UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*E-FILED - 1/14/11*

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE 4 PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:  All Actions | Case No. 5:10-md-02188-RMW<br><br>JOINT STIPULATION AND [] PRETRIAL ORDER NO. 1<br><br>The Hon. Ronald M. Whyte |

Pursuant to 28 U.S.C. §1407, on October 8, 2010, the Judicial Panel on Multidistrict Litigation ("JPML") transferred the fourteen actions listed on Schedule A of the JPML's order to this Court for pretrial proceedings in MDL No. 2188.  *See* JPML Transfer Order, MDL No. 2188 (Oct. 8, 2010) (attached as Exhibit 1).  On November 8, 2010, the JPML issued a Conditional Transfer Order transferring *Christopher Bensberg v. Apple Inc., et al.*, No. 10-01146 (C.D. Cal.), to these proceedings as a tag-along action.[1]

The parties to these proceedings have conferred and submit this stipulated case management proposal.  This Order shall govern the pretrial proceedings of the actions centralized by the JPML, as well as all related actions filed in this Court and any tag-along actions filed in, removed to, or transferred to this Court for pretrial proceedings.

---

[1] The JPML Transfer Order indicated that two related actions pending before this Court, *Christopher DeRose v. Apple Inc.*, No. 5:10-cv-04273 and *Zetha Noble v. Apple Inc.*, No. 5:10-cv-03957,  would be treated as potential tag-along actions in accordance with Panel Rules 7.1 and 7.2, but the JPML has not yet issued conditional transfer orders for these actions.

I.      CONSOLIDATION OF RELATED ACTIONS

1.      The parties hereby stipulate and agree that all actions identified in Schedule A of the JPML Transfer Order, any related actions and any tag-along actions filed in, removed to, or transferred to this Court are, pursuant to Rule 42(a)(2), consolidated solely for pretrial proceedings.  This consolidation does not constitute a determination that the actions should be consolidated for trial.  Defendants Apple Inc. ("Apple") and AT&T Mobility LLC ("ATTM") and all Plaintiffs reserve their respective rights to seek remand of the actions transferred by the JPML back to the original transferor jurisdictions for trial following pretrial proceedings in this Court.

2.      The clerk shall establish and maintain a Master Docket and Master File for these proceedings under the caption "IN RE APPLE IPHONE 4 PRODUCTS LIABILITY LITIGATION," Master File No. 5:10-md-02188-RMW.  All orders, pleadings, motions and other documents, when filed and docketed in the Master File, will be deemed filed and docketed in each individual case.

3.      Every pleading or other such document in these consolidated proceedings, which ordinarily contains a pleading caption, shall bear the following caption:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLE IPHONE 4 PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates To:  All Actions | Case No. 5:10-md-02188-RMW<br><br>The Hon. Ronald M. Whyte |

4. When a pleading or other captioned document is intended to be applicable to all actions which are part of these proceedings, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set forth above. When a pleading or other captioned document is intended to be applicable only to some, but not all, of such actions, the last name of the first-named plaintiff in said action and that case's individual action number shall appear immediately after the words "This Document Relates To:" in the caption set forth above.

II. APPEARANCES IN LITIGATION

5. Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in these proceedings and the requirements of Local Rule 11-3 are waived. Association of local counsel is not required.

III. INITIAL CASE MANAGEMENT CONFERENCE

6. An initial case management conference shall be held on January 14, 2011 at 10:30 am pst.

IV. ORGANIZATION OF PLAINTIFFS' COUNSEL

7. Plaintiffs propose and request that the organizational structure of plaintiffs' counsel be established by this Order which shall bind plaintiffs' counsel in the Consolidated Actions, including any action subsequently governed by this Order. Apple and ATTM take no position regarding leadership structure for plaintiffs' counsel, including the appointment of lead counsel.

8. The Court appoints the following individuals to act on behalf of plaintiffs in the Consolidated Actions, including any plaintiffs subsequently governed by this Order, with the responsibilities hereinafter prescribed.

    a. As Co-Lead Counsel:

        (1) IRA P. ROTHKEN of the ROTHKEN LAW FIRM

        (2) STUART A. DAVIDSON of ROBBINS GELLER RUDMAN & DOWD LLP

        (3) JENNIFER SARNELLI of GARDY & NOTIS LLP and

        (4) BEHRAM V. PAREKH of KIRTLAND & PACKARD LLP

9. Co-Lead Counsel. Co-Lead Counsel shall have day-to-day responsibility for the conduct of the consolidated litigation; shall determine how to prosecute the case and shall initiate, coordinate and supervise the efforts of plaintiffs' counsel in the consolidated action in the areas of discovery, briefing, trial and settlement.

10. Co-Lead Counsel shall designate responsibilities for specific tasks to plaintiffs' counsel in the consolidated cases in a manner to assure that pretrial preparation is conducted effectively, efficiently and economically; shall assist in maintaining communication among counsel; and shall monitor the activities of plaintiffs' counsel to assure that schedules are met and unnecessary expenditures of time and money are avoided. Co-Lead Counsel shall maintain the official service list of all plaintiffs and plaintiffs' counsel in the Consolidated Actions, including their addresses. Co-Lead Counsel shall perform whatever any additional functions that may be assigned to them by the Court. Agreements reached between defendant and Co-Lead Counsel are binding on all plaintiffs and their counsel.  No discovery shall be served, and no motion shall be filed, by any plaintiff's counsel without the consent of Co-Lead Counsel, unless leave of Court is obtained.

11. Service of all papers filed with the Court shall be accomplished by e-filing, and no other type of service shall be required.  Service of all papers that are not filed with the Court shall be accomplished by plaintiffs serving defendant's liaison counsel, and by defendants serving Co-Lead Counsel for plaintiffs, as applicable, by either: (i) overnight mail service or (ii) hand delivery and whenever feasible, the serving party shall send copies simultaneously via e-mail in PDF format, to defendant's counsel or to Co-Lead Counsel for Plaintiffs, as applicable.

V. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

12. This Pretrial Order No. 1 shall apply to each related case subsequently added-on or transferred to this consolidated proceeding.  When an action is added-on as part of these proceedings, plaintiffs' Co-Lead Counsel shall serve a file-endorsed copy of this Pretrial Order No. 1 to the attorneys for the plaintiff(s) in the add-on case, and direct that this Pretrial Order No. 1 be served upon any new defendant(s) in the add-on case, or their counsel.  A new party objecting to the application of any provision of this Order must file a request for relief from this Order within ten (10) days of service of this Order upon that party.

VI. LIAISON COUNSEL

13. The following individuals will serve as liaison counsel for Defendants:

Apple:

Penelope A. Preovolos
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482

ATTM:

Kathleen Taylor Sooy
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595

Ira P. Rothken of the Rothken Law Firm shall be liaison counsel for Plaintiffs. Liaison counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such order and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request.

14. Service of all papers filed with the Court shall be accomplished by e-filing and no other type of service shall be required. Service of all papers that are not filed with the Court shall be accomplished on liaison counsel by either: (i) overnight mail service or (ii) e-mail in PDF format.

## VII. MASTER CONSOLIDATED AMENDED COMPLAINT

15. Defendants' obligations to respond by motion or answer to the underlying complaints in the individual actions are stayed pending the entry of Pretrial Order No. 1.

16. Plaintiffs shall file and serve a Master Consolidated Complaint ("MCC") by February 7, 2011. The Master Consolidated Complaint shall be filed for administrative convenience in these consolidated proceedings and shall not affect the parties' substantive rights with respect to the underlying complaints in the individual actions nor waive the parties' positions based on choice of law or other applicable principles.

////////////////////////////////////////////////////////////////////////////////////////////////////
////////////////////////////////////////////////////////////////////////////////////////////////////
////////////////////////////////////////////////////////////////////////////////////////////////////

////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

////////////////////////////

## VIII. STAY AS TO ATTM PENDING *CONCEPCION* RULING

18. All proceedings as to ATTM, including its obligation to respond to the MCC, to respond to any discovery directed against ATTM, and the requirements of Rule 26(a)(1) and (f), without waiver of any arguments by plaintiffs regarding arbitrability, stay, and related issues, will be stayed pending the United States Supreme Court's ruling in *AT & T Mobility LLC v. Concepcion,* --- U.S. ----, 130 S.Ct. 3322, 176 L.Ed.2d 1218 (2010) (No. 09-893) because ATTM intends to bring a motion to compel arbitration in this action, its motion to compel arbitration will raise the threshold issue of whether plaintiffs may pursue their claims against ATTM in this forum, and the parties agree that absent intervening precedent or changed circumstances the decision in *Concepcion* may be determinative of key issues to be decided in ATTM's motion to compel arbitration. Within 14 days of the Supreme Court's ruling in *Concepcion*, Plaintiffs and ATTM shall each notify this Court how they intend to proceed in this action.

## IX. DISCOVERY

19. The parties disagree on whether written discovery as to claims against defendant Apple shall be allowed to proceed beginning after the initial status conference set for January 14th 2011, including proceeding with the requirements of Rule 26(a)(1) and (f) as to defendant Apple.

20. Plaintiffs believe that this Court's ruling in *Weisblatt v. Apple, Inc.*, *slip op.*, Case No. 10-2553-RMW, 2010 WL 4071147 (N.D. Cal. October 18, 2010), supports the notion that no stay is warranted with regards to defendant Apple and that discovery ought to move forward.

21. Apple believes that the courts' orders in *In re Apple iPhone 3G Products Liability Litig.*, N.D. California, Civil Action No. *In re Apple iPhone 3G Prods. Liab. Litig.*, N.D. Cal., Case No. C 09-02045 JW, ECF No. 238 at 2-4 (Dec. 9, 2010) (staying all proceedings as to both Apple and ATTM pending the decision in *Concepcion*) and *In re Apple iPhone 3G and 3GS MMS Mktg. and Sales Practices Litig.*, E.D. Louisiana, Case No. 09 MDL 2116, ECF No. 206 at 1-2 (Nov. 17, 2010) (extending stay to Apple and staying all proceedings pending the decision in *Concepcion*) support a stay of the present proceedings, including all discovery, as to Apple pending the decision in *Concepcion*).

X. MODIFICATION OF THIS ORDER

22. This Order may be modified or supplemented by the Court or on motion by any party for good cause shown.


Dated: December 14, 2010                    MORRISON & FOERSTER LLP


                                            By: /s/ Penelope A. Preovolos
                                                 PENELOPE A. PREOVOLOS

                                            MORRISON & FOERSTER LLP
                                            425 Market Street
                                            San Francisco, CA  94105-2482
                                            Telephone:  (415) 268-7000
                                            Facsimile:  (415) 268-7522
                                            Email:  ppreovolos@mofo.com

                                                 *Attorneys for Defendant*
                                                 APPLE INC.

| | |
|---|---|
| Dated: December 14, 2010 | CROWELL & MORING LLP |

                                                By:  /s/ Kathleen T. Sooy
                                                    KATHLEEN T. SOOY

                                                   *Attorneys for Defendant*
                                                   AT&T MOBILITY LLC

CROWELL & MORING LLP
1001 Pennsylvania, Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email:  ksooy@crowell.com

| | |
|---|---|
| Dated: December 14, 2010 | KERSHAW CUTTER & RATINOFF LLP |

                                                By:  /s/ William A. Kershaw
                                                  William A. Kershaw

                                                  *Attorney for Plaintiffs*
                                                  MICHAEL JAMES GOODGLICK, ET AL.

KERSHAW CUTTER & RATINOFF LLP
401 Watt Avenue Sacramento, CA 95684
Tel: 916-448-9800
Fax: 916-669-4499
Email: wkershaw@kcrlegal.com

Dated: December 14, 2010            GARDY & NOTIS LLP


                                    By:  /s/ Jennifer Sarnelli
                                         Jennifer Sarnelli

                                         *Attorney for Plaintiffs*
                                         ALAN BENVENISTY, ET AL.

                                    GARDY & NORIS LLP
                                    560 Sylvan Avenue
                                    Englewood Cliffs, NJ 07632
                                    Tel: 201-567-7377
                                    Fax: 201-567-7337
                                    Email: jsarnelli@gardylaw.com

Dated: December 14, 2010            RAM & OLSON LLP


                                    By:  /s/ Michael Ram
                                         Michael Ram
                                         *Attorney for Plaintiff*
                                         CHRISTOPHER DYDYK

                                    RAM & OLSON
                                    555 Montgomery Street, Suite 820
                                    San Francisco, CA 94111
                                    Tel: 415-433-4949
                                    Fax: 415-433-7311
                                    Email: mram@ramolson.com

Dated: December 14, 2010	SHUBLAW LLC


	By: /s/ Jonathan Shub
	       Jonathan Shub

	*Attorney for Plaintiff*
	JEFFREY RODGERS

	SHUBLAW LLC
	1818 Market Street, 13th Floor
	Philadelphia, PA 19106
	Tel: 610-453-6551
	Fax: 215-569-1606
	Email: jshub@shublaw.com

Dated: December 14, 2010	KIRTLAND & PACKARD LLP


	By: /s/ Behram V. Parekh
	       Behram V. Parekh

	*Attorney for Plaintiff*
	DAVID POPIK

	KIRTLAND & PACKARD LLP
	2361 Rosecrans Avenue, Fourth Floor
	El Segundo, CA 90245
	Tel: 310-536-1000
	Fax: 310-536-1001
	Email: bvp@kirtlandpackard.com

Dated: December 14, 2010								ROTHKEN LAW FIRM


								By:  /s/ Ira P. Rothken
								      IRA P. ROTHKEN

								      *Attorney for Plaintiff*
								      STEVE TIETZE

								ROTHKEN LAW FIRM
								3 Hamilton Landing Ste 280
								Novato, CA 94949
								Tel: 415-924-4250
								Fax: 415-924-2905
								Email: ira@techfirm.com

Dated: December 14, 2010								FARUQI & FARUQI LLP


								By:  /s/ Vahn Alexander
								       Vahn Alexander

								      *Attorney for Plaintiff*
								      CHARLES FASANO

								FARUQI & FARUQI LLP
								1901 Avenue of the Stars, Second Floor
								Los Angeles, CA 90067
								Tel: 310-461-1426
								Fax: 310-461-1427
								Email: valexander@faruqilaw.com

Dated: December 14, 2010          SHEPARD, FINKELMAN, MILLER & SHAH LLP


By:  /s/ Rosemary Farrales Luzon
       ROSEMARY FARRALES LUZON

       *Attorney for Plaintiff*
       A. TODD MAYO

SHEPARD, FINKELMAN, MILLER & SHAH LLP
401 West A Street, Suite 2350
San Diego, CA 92101
Tel: 619-235-2416
Fax: 619-234-7334
Email: rluzon@sfmslaw.com

Dated: December 14, 2010          WEXLER WALLACE LLP


By:  /s/ Mark J. Tamblyn
       Mark J. Tamblyn

       *Attorney for Plaintiff*
       GREG AGUILERA, II

WEXLER WALLACE LLP
455 Capitol Mall, Suite 231
Sacramento, CA 95814
Tel: 916-492-1100
Fax: 916-492-1124
Email: mjt@wexlerwallace.com

| | |
|---|---|
| Dated: December 14, 2010 | ROBBINS GELLER RUDMAN & DOWD LLP |

                                              By: /s/ Stuart A. Davidson
                                                     Stuart A. Davidson

                                                       *Attorney for Plaintiff*
                                                     CHRISTOPHER DEROSE AND STACY MILROT

ROBBINS GELLER RUDMAN & DOWD LLP
120 E. Palmetto Road, Suite 500
Boca Raton, FL 33432
Tel: 561-750-3000
Fax: 561-750-3364
Email: sdavidson@rgrdlaw.com

| | |
|---|---|
| Dated: December 14, 2010 | WARD AND WARD PLLC |

                                              By: /s/ Daniel Sage Ward
                                                     Daniel Sage Ward

                                                     *Attorney for Plaintiff*
                                                   KEVIN MCCAFFREY and LINDA WRINN

WARD AND WARD PLLC
2020 N St, N.W.
Washington, DC 20036
Tel: (202) 331-8160
Fax: (202) 331-9069
Email: Dan@wardlawdc.com

Dated: December 14, 2010                    CARPLAW OFFICES, LLC


                                            By:  /s/ Robert H. Carp
                                                  ROBERT H. CARP

                                                *Attorney for Plaintiff*
                                                 DR. THOMAS GIONIS

                                            CARPLAW OFFICES, LLC
                                            100 Needham Street, 2nd Floor
                                            Newton, MA 02464
                                            Tel: (617) 861-4529
                                            Fax: (866) 723-8737
                                            Email: rcarp@carplawoffices.com

Dated: December 14, 2010                    THE SHEENA LAW FIRM


                                            By:  /s/ Danny M. Sheena
                                                  DANNY M. SHEENA

                                                *Attorney for Plaintiff*
                                                 HUNG MICHAEL NGUYEN

                                            THE SHEENA LAW FIRM
                                            1001 Texas Ave, Suite 240
                                            Houston, TX 77002
                                            Tel: (713) 224 6508
                                            Fax: (713) 225 1560
                                            Email: Danny@Sheenalawfirm.com

| | |
|---|---|
| Dated: December 14, 2010 | MCCALLUM, HOAGLUND, COOK & IRBY, LLP<br><br>By:  /s/ Robert B. Irby<br>        Robert B. Irby<br><br>*Attorney for Plaintiff*<br>DAVID C. PURDUE<br><br>MCCALLUM, HOAGLUND, COOK & IRBY, LLP<br>905 Montgomery HWY, Suite 201<br>Vestavia Hills, AL 35216<br>Tel:  (205) 824-7767<br>Fax:  (205) 824-7768<br>Email: birby@mhcilaw.com |
| Dated: December 14, 2010 | AMAMGBO & ASSOCIATES<br><br>By:  /s/ Donald Amamgbo<br>        Donald Amamgbo<br><br>Attorney for Plaintiff<br>ZETHA NOBLE<br><br>AMAMGBO & ASSOCIATES<br>7901 Oakport, Suite 4900<br>Oakland, CA 94621<br>Tel: 510-615-6000<br>Fax: 510-615-6025<br>Email: Donald@amamgbolaw.com |

I, Ira P. Rothken, hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

| | |
|---|---|
| Dated: December 14, 2010 | By:  /s/ Ira P. Rothken<br>        IRA P. ROTHKEN |

**IT IS SO ORDERED.**

Dated: __1/14/11_____

_Ronald M. Whyte_
Honorable Ronald M. Whyte
UNITED STATES DISTRICT JUDGE

EXHIBIT 1

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: APPLE IPHONE 4 PRODUCTS
LIABILITY LITIGATION                                                                MDL No. 2188

## TRANSFER ORDER

      **Before the entire Panel**[*]: Plaintiffs in three Northern District of California actions have each moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of actions listed on Schedule A in the Northern District of California. The plaintiffs' motions together encompass ten actions in the Northern District of California and one action each in the District of Maryland, District of Massachusetts, Middle District of Tennessee and Southern District of Texas.[1]

      Plaintiffs in two other Northern District of California actions support the motion. Plaintiff in the action filed in the Southern District of Florida initially proposed centralization in the Southern District of Florida, but now also supports centralization in the Northern District of California.

      Common defendant Apple Inc. (Apple) supports the motion for centralization in the Northern District of California. AT&T Mobility LLC (AT&T Mobility), which is named as a defendant in several actions, supports centralization but proposes the District of Maryland or the District of Massachusetts as appropriate choices for transferee forum, while acknowledging that the Northern District of California also would be an appropriate transferee forum.

      On the basis of the papers filed and hearing session held, we find that these fourteen actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising from the performance of the iPhone 4, manufactured by Apple, on the AT&T Mobility network. Specifically, the actions

---

[*] Judge Heyburn took no part in the decision of this matter.

[1] The motions initially encompassed an action filed in the Southern District of Florida; however, that action has since been transferred, pursuant to 28 U.S.C. § 1404, to the Northern District of California. Also, the parties have notified the Panel of two related actions pending in the Northern District of California and another related action pending in the Central District of California. These actions will be treated as potential tag-along actions in accordance with Panel Rules 7.1 and 7.2.

- 2 -

share allegations that Apple's iPhone 4 experiences signal degradation during normal use, which causes connectivity problems and results in dropped calls and data unavailability. Plaintiffs also allege that Apple and AT&T Mobility made misrepresentations regarding the performance of the iPhone 4. Plaintiffs in all actions bring similar claims against Apple, and in most instances AT&T Mobility, on behalf of overlapping classes of iPhone 4 purchasers. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, particularly with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The Northern District of California stands out as an appropriate transferee forum. The headquarters, witnesses and documents of the common defendant, Apple, are located within the Northern District of California, and over two-thirds of the pending actions are already in this district before a single judge. All moving and responding plaintiffs now support centralization in the district, and both defendants support centralization in the Northern District of California, either primarily or in the alternative, as well. Centralization in this district also permits the Panel to assign the litigation to an experienced transferee judge who is already presiding over twelve actions in the Northern District of California.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Ronald M. Whyte for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

PANEL ON MULTIDISTRICT LITIGATION

_____
Robert L. Miller, Jr.
Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Kathryn H. Vratil |
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |

**IN RE: APPLE INC. IPHONE 4 MARKETING,
SALES PRACTICES, AND PRODUCTS LIABILITY
LITIGATION** MDL No. 2188

**SCHEDULE A**

Northern District of California

Michael James Goodlick, et al. v. Apple, Inc., et al., C.A. No. 5:10-2862
Alan Benvenisty v. Apple, Inc., C.A. No. 5:10-2885
Christopher Dydyk v. Apple, Inc., C.A. No. 5:10-2897
Jeffrey Rodgers v. Apple, Inc., C.A. No. 5:10-2916
David Popik v. Apple, Inc., et al., C.A. No. 5:10-2928
Steve Tietze v. Apple Inc., C.A. No. 5:10-2929
Charles Pasano v. Apple, Inc., et al., C.A. No. 5:10-3010
A. Todd Mayo v. Apple, Inc., et al., C.A. No. 5:10-3017
Greg Aguilera, II v. Apple, Inc., et al., C.A. No. 5:10-3056
Stacy Milrot v. Apple Inc., et al., C.A. No. 5:10-4117

District of Massachusetts

Dr. Thomas Gionis v. Apple, Inc., et al., C.A. No. 1:10-11110

District of Maryland

Kevin McCaffrey, et al. v. Apple, Inc., et al., C.A. No. 1:10-1776

Middle District of Tennessee

David C. Purdue v. Apple, Inc., et al., C.A. No. 3:10-687

Southern District of Texas

Hung Michael Nguyen v. Apple, Inc., C.A. No. 3:10-252