UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| IN RE APPLE iPHONE 4 PRODUCTS LIABILITY LITIGATION | Case No. 5:10-md-02188-RMW |
|---|---|

**ORDER GRANTING CONDITIONAL CERTIFICATION OF A SETTLEMENT CLASS, APPROVAL OF FORMS AND METHODS OF NOTICE, AND PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE**

WHEREAS, this Court has reviewed the Settlement Agreement and Release ("Agreement") entered into by and among defendant Apple Inc. ("Apple"), plaintiffs Stacey Milrot, Christopher DeRose, Steve Tietze, Jeffrey Rodgers, Hung Michael Nguyen, Anthony Cologna, Joy Bearden, David Popik, Charles Fasano, Greg Aguilera II, Thomas Gionis, Christopher Bensberg, David Purdue, Michael James Goodglick, Karen Young, Joshua Gilson, Brandon Ellison Reininger, Trevor Antunez, Jessica Lares, Jaywill Sands, Bryan Colver, Jaclyn Badolato, Nicole Stankovitz, Vinny Curbelo, Kevin McCaffrey, James Blackwell, and Jethro Magat, as individuals and as "Class Representatives" (collectively the "Parties" in the above-referenced "Action"), together with all exhibits thereto, the record in this case, and the arguments of counsel;

WHEREAS, this Court preliminarily finds, for the purposes of settlement only, that the class alleged in the Action meets all the prerequisites of Federal Rules of Civil Procedure Rule 23 for class certification, including numerosity, commonality, typicality, ascertainability, predominance of common issues, superiority, and that the Class Representatives and Class Counsel are adequate representatives of the Settlement Class;

IT IS HEREBY ORDERED AS FOLLOWS:

1. All terms and definitions used herein have the same meanings as set forth in the Agreement.

2. The proposed settlement set forth in the Agreement is hereby preliminarily approved as being fair, reasonable, and adequate such that notice thereof should be given to members of the Settlement Class (as defined in the following paragraph).

3. The Action is provisionally certified as a class action, for the purposes of settlement only, pursuant to Rule 23(b)(3), which class is defined as follows:

> All United States residents who are or were the original owners of an iPhone 4 as of February 17, 2012. The Settlement Class excludes Apple; any entity in which Apple has a controlling interest; Apple's directors, officers, and employees; and Apple's legal representatives, successors, and assigns.

4. Class Counsel and the Class Representatives are hereby found to be and are therefore appointed as adequate representatives of the Settlement Class: Ira P. Rothken of the Rothken Law Firm, 3 Hamilton Landing, Ste 280, Novato, CA 94949, (415) 924-4250; Stuart A. Davidson and Mark Dearman of Robbins Geller Rudman & Dowd LLP, 120 East Palmetto Park Rd., Suite 500, Boca Raton, FL 33432, (561) 750-3000; Jennifer Sarnelli of Gardy & Notis LLP, 560 Sylvan Avenue, Englewood Cliffs, NJ 07632, (201) 567-7377; and Behram V. Parekh of Kirtland & Packard LLP, 2361 Rosecrans Avenue, Fourth Floor, El Segundo, CA 90245, (310) 536-1000 are hereby appointed as Class Counsel. Stacey Milrot, Christopher DeRose, Steve Tietze, Jeffrey Rodgers, Hung Michael Nguyen, Anthony Cologna, Joy Bearden, David Popik, Charles Fasano, Greg Aguilera II, Thomas Gionis, Christopher Bensberg, David Purdue, Michael James Goodglick, Karen Young, Joshua Gilson, Brandon Ellison Reininger, Trevor Antunez, Jessica Lares, Jaywill Sands, Bryan Colver, Jaclyn Badolato, Nicole Stankovitz, Vinny Curbelo, Kevin McCaffrey, James Blackwell, and Jethro Magat are hereby appointed as Class Representatives.

5. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Agreement is not finally approved by this Court or otherwise does not take effect. Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Agreement is not finally approved by this Court or otherwise does not take effect.

6. The Court hereby approves and appoints Kurtzman Carson Consultants LLC as the Settlement Administrator. The Notice of Pendency and Proposed Settlement of Class Action ("Class Notice"); the Summary Notice of Settlement ("Summary Notice"); and the Claim Form, Instructions, and Release ("Claim Form"); which are attached to the Agreement as Exhibits A-C, respectively, are hereby approved as to form.

7. A copy of the Class Notice, together with the Claim Form, shall be posted and available for download on a settlement website, www.iPhone4settlement.com (the

"Settlement Website") and shall be mailed at no charge to Settlement Class Members who call a toll-free number to be established at Apple's expense ("Toll-Free Number"). This Settlement Web site shall be live no later than March 28, 2012 and the information shall remain available on the Internet until the last day of the Claims Period.

8. Apple shall send via email an electronic copy of the Summary Notice to each Settlement Class Member for whom Apple has an email address in its warranty registration database. Email notice shall be completed no later than April 30, 2012.

9. A copy of the Summary Notice shall be published by Apple once in *USA Today*, a newspaper of national circulation, and once on a different date in *Macworld*. The notice shall not be less than 1/4 of a page in size. The Summary Notice shall include the address of the Settlement Web site and the Toll-Free Number. Publication of the Summary Notice shall be completed no later than April 30, 2012. The "Notice Date" as defined in the Agreement shall be April 30, 2012.

10. The Court finds that the forms of notice to the Settlement Class regarding the pendency of the Action and of this settlement and Class Counsel's fee and expense application and application for a stipend set forth above, and the methods of dissemination to members of the Settlement Class in accordance with the terms of this Order, constitute the best notice practicable under the circumstances and constitute valid, due, and sufficient notice to all members of the Settlement Class, complying fully with the requirements of Rule 23(c)(2)(B) and the United States Constitution.

11. Any member of the Settlement Class who does not, in connection with the settlement notices, file a valid and timely request for exclusion will be bound by the Final Judgment dismissing the Action on the merits and with prejudice.

12. A hearing (the "Final Hearing") shall be held by the Court on July 13, 2012, at 9:00 a.m., to consider and determine whether the requirements for certification of the Settlement Class have been met and whether the proposed settlement of the Action on the terms set forth in the Agreement should be approved as fair, reasonable, adequate, and in

the best interests of the Settlement Class Members; whether Class Counsel's fee and expense application and application for a stipend for the Class Representatives, included as part of the settlement, should be approved; and whether the Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Class Representatives and all Settlement Class Members should be entered.

13. The Final Hearing may, from time to time and without further notice to the Settlement Class (except those who have filed timely and valid objections and requested to speak at the fairness hearing), be continued or adjourned by Order of the Court.

14. Any Settlement Class Member who seeks to be excluded from the Settlement Class must send a request by first class mail, postmarked on or before June 15, 2012, to Robbins Geller Rudman & Dowd LLP, Attn: Rick Nelson, Class Member Relations, 655 West Broadway, Suite 1900, San Diego, CA 92101.

15. Objections by any Settlement Class Member to: (A) the certification of the Settlement Class and the proposed settlement contained in the Agreement and described in the Class Notice and Summary Notice; (B) the payment of fees and expenses to Class Counsel or stipends to Class Representatives; and/or (C) entry of the Final Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Hearing only if, on or before June 15, 2012, such objector files with the Court a notice of his, her, or its objections, submits documentary proof that he, she, or it is a member of the Settlement Class, states the basis for such objections, and serves copies of the foregoing and all other papers in support of such objections on counsel for the Parties identified in the Class Notice.

16. No later than June 1, 2012, the Parties shall file all papers in support of the application for final approval of the settlement, and Plaintiffs shall file all papers in support of Class Counsel's petition for award of attorney's fees and reimbursement of expenses and request for stipends for the Class Representatives.

17. No later than June 29, 2012, the Parties shall file all papers in response to any valid and timely objections with the Court, and shall serve copies of such papers upon each other and upon any objectors who have complied with the provisions of paragraph 15 of this Order.

18. Settlement Class Members who wish to claim a cash payment must mail their Claim Form and supporting documentation postmarked within 120 days from the Notice Date.

19. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Agreement.

Dated: ____February _17, 2012    By: Order of the U.S. District Court
for the Northern District of California

*Ronald M. Whyte*
The Honorable Ronald Whyte
 DISTRICT JUDGE